IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Sharon Brown,

        Plaintiff,

v.

John Doe,

        Defendant.

C/A No. 0:17-cv-02333-MBS

**OPINION AND ORDER**

## I. INTRODUCTION

This is a negligence action brought by Sharon L. Brown ("Plaintiff") against unknown driver John Doe ("Defendant") arising from an automobile accident that took place on October 31, 2014, in Mecklenburg County, North Carolina. (Compl. ¶¶ 3-4). Plaintiff alleges that while she was stopped in traffic the driver of an unknown vehicle collided into the rear of Plaintiff's vehicle, then fled the scene before an identification could be made. (Compl. ¶ 4). Plaintiff sustained injuries as a result of the accident.

At the time of the accident, Plaintiff was driving a vehicle owned by her employer. ECF No. 10 ¶ 3. On July 31, 2017, Plaintiff filed a negligence action against John Doe, the unknown driver, in the Court of Common Pleas for York County, South Carolina. On August 1, 2017, Protective Insurance Company ("Protective") was served with a summons and complaint through the South Carolina Department of Motor Vehicles.[1] *Id*. at 11. Protective is the putative uninsured

---

[1] S.C. Code Ann § 38-5-70, provides that "every insurer shall . . . appoint in writing the director and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it must be served and in this writing shall agree that any lawful

1

motorist carrier for Plaintiff's employer's insurance company. On August 30, 2017, Protective filed a Notice of Removal in this court based on diversity jurisdiction 28 U.S.C § 1332. ECF No. 1. Protective asserted it is the real party in interest as the insurer, and that it is a corporation organized and existing pursuant to the laws of Indiana. *Id*. at 2. Protective further contended that John Doe is, upon information and belief, a citizen of North Carolina. ECF No. 1 ¶ 7.

Rather than filing a motion to remand, Plaintiff filed a reply to the court's standard order concerning removal on September 7, 2017. ECF No. 10. Plaintiff contends that in South Carolina insurance companies cannot be named or mentioned and therefore Protective improperly filed a Notice of Removal.[2] ECF No. 10 ¶ 3. Plaintiff denied that Protective is a real party in interest. *Id*. ¶ 7. Further, Plaintiff alleged that (1) John Doe is most likely a citizen of South Carolina, because the ramp on which the accident took place is used by South Carolina drivers to return to South Carolina from out of state; and (2) the accident occurred on a ramp which South Carolina drivers use when returning to South Carolina. *Id*. ¶ 3. To support these statements, Plaintiff argued that the timing of the accident coincides with the time drivers generally return home from work in South Carolina. *Id*.

On September 29, 2017, Plaintiff's personal motorist insurer, GEICO consented to removal.[3] ECF No. 16. GEICO claimed that both Protective and GEICO are real parties in interest

---

process against it which is served upon this attorney is of the same legal force and validity as if served upon the insurer and that the authority continues in force so long as any liability remains outstanding in the State."

[2] Plaintiff's counsel did not cite case law or authority for this proposition.

[3] After Protective filed its notice of removal, Protective became aware of GEICO's involvement in the state action. ECF No. 12 at 11. On or about September 18, 2017, Protective contacted GEICO to discuss the filed notice of removal. *Id*. Protective informed the court that GEICO has consented and will timely file its consent to removal. *Id*. at 12.

in this litigation.[4] *Id.* ¶ 3. Further, GEICO claimed that John Doe should be treated as a citizen of the State of North Carolina for purposes of determining diversity jurisdiction because the accident occurred in North Carolina. *Id.* On October 31, 2017, the court sua sponte held a hearing to resolve these issues as to first, whether Protective and GEICO can act as real parties in interest in lieu of the tortfeasor, and second, whether John Doe should be considered a North Carolina resident.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or the value of $75,000 and is between citizens of different states." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the burden of establishing federal jurisdiction rests upon the party seeking removal. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing cases based on diversity jurisdiction, the party invoking federal jurisdiction must allege same in their notice of removal and when challenged demonstrate basis for jurisdiction); *Mulcahey v. Columbia Organic Chemicals Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (holding that the burden is on the removing defendant to establish subject matter jurisdiction). "Because courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state

---

[4] Protective and GEICO argue that they are the "real parties in interest" in this litigation. *Id.* at ¶ 7. ECF No. 16 ¶ 3. In support of their status as "real parties in interest," Protective and GEICO cite to Tennessee case law, which holds that an insurance carrier defending on behalf of a John Doe, "was a real party in interest, [when] it assumed primary and visible control of the litigation in order to protect its interest." ECF No. 8 ¶ 3 (citing *Johnson v. Hill Bros. Trans., Inc.*, 262 F. Supp. 2d 889 (E.D. Tenn. May 14, 2003)).

3

court." *Messex v. Quicken Loans, Inc.*, C/A No. 2:15-cv-04773-JMC, 2016 WL 3597597, at *2 (D.S.C. July 5, 2016); *See also Mulcahey*, 29 F.3d at 151 (holding that "if federal jurisdiction is doubtful, a remand is necessary").

Typically, when analyzing removal actions based on diversity of citizenship, "[t]he citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1); *see also Price v. Allstate Ins. Co.*, C/A No. 1:14-cv-04081-JMC, 2015 WL 4389335, at *3 (D.S.C. July 15, 2015) (finding that "[t]he citizenship of Does, who have yet to be identified, cannot be taken into consideration when determining whether removal is proper"); *Whittemore v. County Inn & Suites by Carlson, Inc.*, C/A No. 5:14-cv-01980-JMC, 2014 WL 7446204, at *2 (D.S.C. Dec. 30, 2014); *Addison v. Travelers Indem. Co. of America*, C/A No. 1:09-cv-03086-MBS, 2010 WL 3258585, at *1 (D.S.C. Aug. 10, 2010) (disregarding citizenship of defendant John Doe by referring to the commentary of 28 U.S.C. § 1441(a), "[t]his commentary specifically states that when defendants are given fictitious names, such as "John Doe," they are fictitiously named defendants").

However, the Fourth Circuit determined in *Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979), that courts may consider facts that would support an inference regarding the unknown defendant's citizenship. The parties must offer "some affirmative evidence pointing towards [John Doe's] citizenship, not conclusive evidence by any means, but sufficient to support a finding in the absence of any contradictory proof." *Id*. In *Sligh*, for example, the alleged John Doe's car had a Virginia license plate and the Fourth Circuit found this was sufficient evidence to support a finding that John Doe was a citizen of Virginia. *Id*. Additionally, the Fourth Circuit noted in *Sligh* that "even when no evidence is offered, the circumstances made it more probable than not that the unknown driver . . . was a citizen of Virginia." *Id*. For this proposition, the Fourth Circuit was

persuaded by *Johnson v. General Motors*, 242 F. Supp. 778 (E.D. Va. June 8, 1965), in which the district court found that, "[s]ince the accident giving rise to this cause of action took place in [Norfolk, Virginia], it is more probable than not that the unknown driver . . . was a citizen of Virginia." *Sligh*, 596 F.2d at 1171.

## III. DISCUSSION

### A. Diversity Jurisdiction – John Doe's citizenship

The first question is whether the court has diversity jurisdiction. The removing party has the burden of proof to establish diversity of citizenship. *Mulcahey v. Columbia Organic Chemicals Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Protective and GEICO claim that John Doe is a citizen of North Carolina, because the accident occurred in North Carolina. The court agrees.

Although, Plaintiff has set forth facts regarding John Doe's citizenship, the court concludes that Plaintiff has failed to allege facts that would support an inference regarding citizenship. The fact that some South Carolina residents commute to North Carolina for work does not provide the court with "sufficient support" to determine John Doe's citizenship. While the facts need not be "conclusive" the factual allegation must point towards "some affirmative evidence" regarding John Doe's citizenship. *Sligh*, 596 F.2d at 1171 (reasoning "[h]ad the defendant offered testimony that four persons in the area had recently robbed a bank and made their getaway in a stolen white Cadillac, or testimony from the local Hertz or Avis agency that such vehicle had been rented to four men from Washington, the situation would be different"). Plaintiff's speculation alone is insufficient to support an inference that John Doe is a South Carolina citizen. Accordingly, the court determines that complete diversity exists between Plaintiff and John Doe.

5

**B. Removal Authority**

The next question is whether Protective and GEICO, as non-party insurance companies, can remove this case to federal court. It is well-established that non-parties cannot remove a state action to federal court. *See Hickman v. Hinson*, C/A No. 2:12-cv-0310-DCN, 2013 WL 375230, at *2 (D.S.C. Jan. 31, 2013). Nonetheless, Protective and GEICO allege that pursuant to S.C. Code Ann. § 38-77-160, Protective has a right to appear on behalf of John Doe and thus has the right to remove this state action to federal court. ECF No. 8 ¶¶ 6-7.

S.C. Code Ann. § 38-77-160 provides that, "[t]he insurer has the right to appear and defend in the name of the underinsured [or uninsured] in any action which may affect its liability and has thirty days after service of process on it in which to appear." However, Section 38-77-160 has been interpreted to be inapplicable in the removal context. *See Hickman,* 2013 WL 375230, at *2; *Sizelove-Farmer v. Johnson*, C/A No. 1:13-cv-03041-JMC, 2014 WL 4056267, at *2-3 (D.S.C. Aug. 13, 2014).

The court is persuaded by the reasoning in *Hickman* and *Sizelove-Farmer*.[5] The court in *Sizelove-Farmer v. Johnson*, C/A No. 1:13-cv-03041-JMC, 2014 WL 4056267, at *2-3 (D.S.C. Aug. 13, 2014), addressed the relationship between S.C. Code Ann. § 38-77-160, real parties in interest, and removal. In *Sizelove-Farmer*, the plaintiff filed a personal injury claim against defendant after being struck by defendant's vehicle. *Id*. at *1. The plaintiff served the underinsured motorist carrier, Cincinnati Insurance Company ("Cincinnati"), who then assumed control of the defense pursuant to S.C. Code Ann. § 38-77-160. *Sizelove-Farmer,* 2014 WL 4056267, at *2-3.

---

[5] At the hearing, the court queried Protective's legal counsel about the application of the *Sizelove-Farmer* case, but counsel did not distinguish the case or supplement the record.

Cincinnati then filed a notice of removal. *Id*. Cincinnati contended that it was the "real party in interest" and that the named defendant was "merely a nominal defendant." *Id*.

The *Sizelove-Farmer* court concluded that "S.C. Code Ann. § 37-77-160 does not contemplate allowing a nonparty to remove, but even assuming arguendo it did, removal is governed by federal law, not state law." *Id*. (citing to *Hickman v. Hinson*, C/A No. 2:12-cv-0310-DCN, 2013 WL 375230, at *2 (D.S.C. Jan. 31, 2013)). Thus, the *Sizelove-Farmer* court held that S.C. Code Ann. § 37-77-160 is inapplicable in the removal context, even if the non-party insurance company claims it is a real party in interest. *Id*. at *3 (citing 16 Georgene Vairo, Moore's Federal Practice § 107.11 (Matthew Bender 3d 1997) ("A non-party, even one that claims to be a real party in interest, may not remove or participate in the removal of a case[.]")). *See also Beeson v. South Carolina*, C/A No. 2:16-1164- RMG-BM, 2016 WL 4394506, at *4, Report and Recommendation *adopted by*, C/A No. 2:16-cv-1164-RMG, 2016 WL 4370032 (D.S.C. Aug. 12, 2016) (citing *Anderson v. Khanna*, 827 F. Supp. 2d 970, 974 (S.D. Iowa 2011) (finding that "[a] non-party to a state court proceeding has no right to remove that proceeding to federal court . . . [t]his is true even if the non-party has an interest or stake in the proceeding")); *In re Notice of Removal by William Einhom*, 481 F. Supp. 2d 345, 348 (D.N.J. 2007) (finding that "[t]o interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by defendants to claims asserted by a plaintiff").

The court concludes that even if the court has diversity jurisdiction, Protective and GEICO lack authority to remove this case to federal court.

## IV. CONCLUSION

Based on the foregoing, this court hereby orders that this case is REMANDED to the Court

of Common Pleas, York County, South Carolina.

**It is so ORDERED.**

                _s/ Margaret B. Seymour_____
                Margaret B. Seymour
                Senior United States District Judge

Dated: January 8, 2018